# Exhibit A



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Loretta Hillware
_____
*Plaintiff(s)*

v.

Case No: 2015 CA 2558 B
_____

Eric Schaffer, et al
_____
*Defendant(s)*

## NOTICE

To (insert name and address of the party to be served):

Daniel Snyder, Owner
_____
1600 FedEx Way
_____
Hyattsville, MD  20785
_____
_____

    The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

    You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

    If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

    If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

    This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 4/13/2015                .

*adrienne J. marsh*                                    4/13/2015
_____                  _____
*Signature*                                              *Date of Signature*

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

    I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____
_____
_____

_____          _____        _____
*Signature*                               *Relationship to Defendant/Authority*    *Date of Signature*
                                       *to Receive Service*



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

LORETTA HILLWARE
   Vs.
ERIC SCHAFFER et al

C.A. No.    2015 CA 002558 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge RONNA L BECK
Date:  April 10, 2015
Initial Conference: 9:30 am, Friday, July 17, 2015
Location:  Courtroom 219
         500 Indiana Avenue N.W.
         WASHINGTON, DC 20001

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

Loretta Hillware _____ Plaintiff

vs.

Daniel Snyder, Owner
Washington Redskins
1600 Fed Ex Way
Hyattsville, MD 20785 _____ Defendant

Case Number **15 - 0 0 2 5 5 8**

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Loretta Hillware, ProSe
Name of Plaintiff's Attorney

5 Thomas Cir. N.W #27
Address

Washington DC 20005

(202) 423-4470
Telephone

*Clerk of the Court*

By __Adrienne J. Marsh__
Deputy Clerk

Date __4/10/2015__

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ።

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011        CASUM.doc

Defendants:
⑤ Jay Bauman, Esq.
NFL, V.P.
345 Park Ave
New York, NY 10154

Defendants:
④ Roger Goodell,
Comm'n'r
345 Park Ave
c/o NFL
New York, NY 10154

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

FILED
CIVIL ACTIONS BRANCH
APR 10 2015
Superior Court
of the District of Colombia
Washington, DC.

5 Thomas Cir. NW, #27
Washington, DC 20005
LORETTA HILLWARE          *Plaintiff*

CIVIL ACTION NO. _____

15 - 0 0 2 5 5 8

*vs.*

Washington Redskins
Daniel Snyder, in his official
capacity as Washington
Redskins Owner, Eric
Schaffer, in his official
capacity as Vice President
and General Counsel,
BRUCE ALLEN, President          *Defendants*

Address:
① Eric Schaffer, Gen. Counsel
② Daniel Snyder, owner
③ Bruce Allen, Pres:
    Washington Redskins
**COMPLAINT** 1600 Fed Ex Way
    Hyattsville, MD 20785

1. **Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.**

( SEE ATTACHED )

Wherefore, Plaintiff demands judgement against Defendant in the sum of $ 80,000,000
with interest and costs.

(202) 423-4470
Phone:

**DISTRICT OF COLUMBIA, SS**

Loretta Hillware , being first duly sworn on oath deposes and says that the
foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all
set-off and just grounds of defense.

Loretta Hillware
(Plaintiff                                    Agent)

Subscribed and sworn to before me this ____10th____ day of ____April____ 20_15_.

_____
(Notary Public/Deputy Clerk)

Exp
5-14-2018
WDC

FORM CV-1013/ Nov. 00



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Loretta Hillware
_____
*Plaintiff(s)*

v.

Case No: 2015 CA 2558 B
_____

Eric Schaffer, et al
_____
*Defendant(s)*

## NOTICE

To (insert name and address of the party to be served):

Eric Schaffer
_____
1600 FedEx Way
_____
Hyattsville, MD  20785
_____
_____

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 4/13/2015 _____.

*Adrienne J. Marsh*
_____
*Signature*

4 / 13 / 2015
_____
*Date of Signature*

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____
_____
_____

_____     _____     _____
*Signature*                              *Relationship to Defendant/Authority*     *Date of Signature*
                                          *to Receive Service*

Para pedir una traducción, llame al (202) 879-4828          如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction

Để có một bản dịch, hãy gọi (202) 879-4828          [     ] [     ] [     ] (202) 879-4828 [     ]          번역을 원하시면, (202) 879-4828 로 전화주십시요



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

LORETTA HILLWARE
   Vs.
ERIC SCHAFFER et al

C.A. No.    2015 CA 002558 B

## <u>INITIAL ORDER AND ADDENDUM</u>

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge RONNA L BECK
Date:  April 10, 2015
Initial Conference: 9:30 am, Friday, July 17, 2015
Location:   Courtroom 219
         500 Indiana Avenue N.W.
         WASHINGTON, DC 20001

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield



# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Suite 5000
#### Washington, D.C. 20001 Telephone: (202) 879-1133

_Loretta Hillware_ **Plaintiff**

vs.

**15 - 0 0 2 5 5 8**

Case Number

_Eric Schaffer Gen.Counsel_
_Washington Redskins_
_1600 Fed Ex Way_
_Hyattsville, MD 20785_ **Defendant**

## SUMMONS

**To the above named Defendant:**

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Loretta Hillware, Pro Se_      _Clerk of the Court_
**Name of Plaintiff's Attorney**

_5 Thomas Cir, N.W, #27_    **By** _Adrienne D. Marsh_
**Address**
_Washington, DC 20005_        **Deputy Clerk**

_(202) 423-4470_      **Date** _4/10/2015_
**Telephone**

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ።

**IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._**

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

Defendants:
B Jay Bauman, Esg.
NFL, V.P.
345 Park Ave
New York, NY 10154

Defendants:
④ Roger Goodell,
Comm'nr
345 Park Ave
c/o NFL
New York, NY 10154

RECEIVED
Civil Clerk's Office
APR 10 2015
Superior Court of the
District of Columbia
Washington, D.C.

5 Thomas Cir. NW # 27
Washington, DC 20005
LORETTA HILLWARE          *Plaintiff*

*vs.*

15 - 0 0 2 5 5 8

CIVIL ACTION NO. _____

Washington Redskins
Daniel Snyder, in his official
capacity as Washington
Redskins Owner, ERIC
Schaffer, in his official
capacity as Vice President
and General Counsel,
BRUCE ALLEN, President

*Defendants*

**COMPLAINT**

Address:
① Eric Schaffer, Gen. Counsel
② Daniel Snyder, Owner
③ Bruce ALLEN, Pres.
Washington Redskins
1600 Fed Ex WAY
Hyattsville, MD 20785

1. Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.

( SEE ATTACHED )

+

**Wherefore, Plaintiff demands judgement against Defendant in the sum of $** 80,000,000 **with interest and costs.**

(202) 423-4470
Phone:

**DISTRICT OF COLUMBIA, SS**

Loretta Hillware **, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-off and just grounds of defense.**

Loretta Hillware
(Plaintiff                                    Agent)

**Subscribed and sworn to before me this** 10th **day of** April **20** 15 .

EXP
3-14-2018
WDC

(Notary Public/Deputy Clerk)

**FORM CV-1013/ Nov. 00**



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

Loretta Hillware
_____
*Plaintiff(s)*

v.

Eric Schaffer, et al
_____
*Defendant(s)*

Case No: 2015 CA 2558 B
_____

## NOTICE

To (insert name and address of the party to be served):
Bruce Allen, Pres.
1600 FedEx Way
Hyattsville, MD 20785
_____

    The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

    You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

    If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

    If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

    This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 4/13/2015 .

*Adrienne J. Marsh*
_____
*Signature*

4/13/2015
_____
*Date of Signature*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

    I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____
_____
_____

_____
*Signature*

_____
*Relationship to Defendant/Authority to Receive Service*

_____
*Date of Signature*

Para pedir una traducción, llame al (202) 879-4828    如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction

Để có một bài dịch, hãy gọi (202) 879-4828    한국어 (202) 879-4828    번역을 원하시면, (202) 879-4828 로 전화주십시요

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

LORETTA HILLWARE
   Vs.
ERIC SCHAFFER et al

C.A. No.     2015 CA 002558 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge RONNA L BECK
Date:  April 10, 2015
Initial Conference: 9:30 am, Friday, July 17, 2015
Location:  Courtroom 219
        500 Indiana Avenue N.W.
        WASHINGTON, DC 20001

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

Loretta Hillware _____ Plaintiff

vs.

Bruce Allen, President
Washington Redskins
1600 Fed Ex Way
Hyattsville, MD 20785 _____ Defendant

**15 - 0 0 2 5 5 8**

Case Number _____

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Loretta Hillware, pro se
Name of Plaintiff's Attorney

5 Thomas Cir, N.W, #27
Address
Washington, DC 20005

(202) 423-4470
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date _____

如需翻译, 请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오    የትርጉም እርዳታ ከፈለጉ በ (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011

CASUM.doc

Defendants:
⑤ Jay Bauman, Esq.
NFL, V.P.
345 Park Ave
New York, NY 10154

Defendants:
④ Roger Goodell,
Comm'nr
345 Park Ave
c/o NFL
New York, NY 10154

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

**CIVIL DIVISION**

FILED
CIVIL ACTIONS BRANCH
APR 10 2015
Superior Court
of the District of Colombia
Washington, DC.

5 Thomas Cir. NW, #27
Washington, DC 20005
LORETTA HILLWARE          *Plaintiff*

15 – 0 0 2 5 5 8

vs.

CIVIL ACTION NO. _____

Washington Redskins,
Daniel Snyder, in his official
capacity as Washington
Redskins Owner, Eric
Schaffer, in his official
capacity as Vice President
and General Counsel,
BRUCE ALLEN, President
                              *Defendants*

Address:
① Eric Schaffer, Gen. Counsel
② Daniel Snyder, Owner
③ Bruce ALLEN, Pres.
Washington Redskins
1600 Fed Ex WAY
Hyattsville, MD 20785

**COMPLAINT**

1. **Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.**

(SEE ATTACHED)

**Wherefore, Plaintiff demands judgement against Defendant in the sum of $** 80,000,000
**with interest and costs.**

(202) 423-4470
Phone:

**DISTRICT OF COLUMBIA, SS**

Loretta Hillware **, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-off and just grounds of defense.**

Loretta Hillware
(Plaintiff                                    Agent)

**Subscribed and sworn to before me this** 10th **day of** April **20** 15 .

_____
(Notary Public/Deputy Clerk)

Exp
3-14-2018
WDC

FORM CV-1013/ Nov. 00



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Loretta Hillware
_____
*Plaintiff(s)*

v.                                          Case No: 2015 CA 2558 B
                                            _____

Eric Schaffer, et al.
_____
*Defendant(s)*

### NOTICE

To (insert name and address of the party to be served):
Roger Goodell, Commissioner
_____
345 Park Ave.
_____
New York, NY 10154
_____
_____

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 4/13/2015_____.

*Adrienne J. Marsh*                         4/13/2015
_____                     _____
*Signature*                                 *Date of Signature*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) _____ received a copy of the summons, complaint and initial
order in the above captioned matter at (insert address): _____
                                                          _____
                                                          _____

_____   _____   _____
*Signature*               *Relationship to Defendant/Authority*   *Date of Signature*
                          *to Receive Service*

Para pedir una traducción, llame al (202) 879-4828    如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction
Để có một bài dịch, hãy gọi (202) 879-4828    만약 번역이 필요하시면 (202) 879-4828    번역을 원하시면, (202) 879-4828 로 전화주십시오

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

LORETTA HILLWARE
   Vs.

ERIC SCHAFFER et al

C.A. No.    2015 CA 002558 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge RONNA L BECK
Date: April 10, 2015
Initial Conference: 9:30 am, Friday, July 17, 2015
Location: Courtroom 219
      500 Indiana Avenue N.W.
      WASHINGTON, DC 20001

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Loretta Hillware _Plaintiff_

**15 - 0 0 2 5 5 8**

Case Number _____

vs.

Roger Goodell Commissioner
National Football League
345 Park Ave. _Defendant_
New York, NY 10154 **SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Loretta Hillware, pro se

_Clerk of the Court_

**Name of Plaintiff's Attorney**

5 Thomas Cir, N.W., #27 **By** _____

**Address** Washington, DC 20005 _Deputy Clerk_

(202) 423-4470 **Date** _____

4/10/2015

**Telephone**

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요    ʾamarəñña tərguwame kəfəlu (202) 879-4828 dewlu

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                              CASUM.doc

Defendants:
3) Jay Bauman, Esq.
NFL, V.P.
345 Park Ave
New York, NY 10154

Defendants:
④ Roger Goodell,
Comm'nr
345 Park Ave
c/o NFL
New York, NY
10154

RECEIVED
Civil Clerk's Office
APR 10 2015
Superior Court of the
District of Columbia
Washington, D.C.

5 Thomas Cir. NW, #27
Washington, DC 20005
Loretta HILLWARE        *Plaintiff*

*vs.*

CIVIL ACTION No. **15 - 0 0 2 5 5 8**

Washington Redskins
Daniel Snyder, in his official
capacity as Washington
Redskins Owner, ERIC
Schaffer, in his official
capacity as Vice President
and General Counsel,
BRUCE ALLEN, President        *Defendants*

Address:
Deric Schaffer, Gen. Counsel
② Daniel Snyder, owner
③ Bruce ALLEN, Pres.
Washington. Redskins
1600 FedEx WAY
Hyattsville, MD 20785

**COMPLAINT**

1.  Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.

( SEE ATTACHED )

**Wherefore, Plaintiff demands judgement against Defendant in the sum of $** 80,000,000
**with interest and costs.**

Phone: (202) 423-4470

**DISTRICT OF COLUMBIA, SS**

Loretta Hillware , **being first duly sworn on oath deposes and says that the
foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all
set-off and just grounds of defense.**

Loretta Hillware
(Plaintiff)                                    Agent)

**Subscribed and sworn to before me this** 10th **day of** April **20** 15 .

(Notary Public/Deputy Clerk)

**FORM CV-1013/ Nov. 00**

EXD
3-14-2018
WDC

---

Loretta Hillware,

               Plaintiff,

     v.

Daniel Snyder, in his official capacity as Washington Redskins
Football Club Owner, Eric Schaffer, in his official capacity as
Washington Redskins Football Club Vice President of Football
Administration and General Counsel, Bruce Allen, in his
official capacity as Washington Redskins Football Club
President, Roger Goodell, in his official capacity as National
Football League Commissioner, Jay Bauman, in his official
capacityas National Football League Counsel,


               Defendants.

Civil Action No.:

---

# COMPLAINT

The Plaintiff has alleged intentional torts – racism, sexism and intentional persuasiveness

of the New Orleans Saints and the defendants, namely, Washington Redskins ("Redskins") and

National Football League ("League" or "NFL"). Plaintiff is experiencing pain and suffering

from being a Domestic Violence victim since her departure from the New Orleans Saints.

Plaintiff was denied work in her profession by the Washington Redskins and the National

Football League, because she held the following three titles simultaneously, as being (1) non-

white or African American, (2) a female (3) Domestic Violence victim. This is a socio-economic

issue, here in this instance, where Plaintiff was characterized as the under-class, and was not

issue, here in this instance, where Plaintiff was characterized as the under-class, and was not accepted in her chosen profession, hence the time of her plight with her abuser. Therefore, Plaintiff experienced racism, sexism and shunning of a Domestic Violence victim, based upon the fact that she was not only singled out, causing Defendants' non-responsiveness to numerous job application submissions. They gossiped regarding Ms. Hillware's personal circumstances recommending that she not be given retroactive hire status because she was a Black woman that had been abused. However, Plaintiff desired to return to the upper echelon of professional football where she knew of great career aspirations, due to the fact that she was experienced in her particular profession of professional sports in a lily-white environment. When Plaintiff applied for the jobs of a similar nature and scope of her previous positions she pursued sales, business development and marketing as a professional football sales and marketing guru that was ultimately not hired in the National Football League Headquarters or the Washington Redskins.

Plaintiff's past failed personal relationship has made her the abused Domestic Violence victim, and caused her to flee those abusive circumstances. These series of events landed Plaintiff in this jurisdiction, and ensured the safety of Plaintiff's children. Thus, Plaintiff experienced sexism, or sexist treatment towards the Domestic Violence class of women. When those within the NFL offices and the Redskins discovered Plaintiff's personal emotional cries for help, it ultimately fell on "deaf ears," resulting in those that were capable of hiring to shun Plaintiff for literally more than 9, nearly 10 years.

Plaintiff reached heightened point in her career at a League affiliate's football club when all of a sudden she became a Domestic Violence victim, thereby causing her to flee from horror.

Plaintiff, therefore, rests on the land in the District of Columbia on the grounds that she received racist, sexist and treatment less than fair for a person who experienced Domestic Violence. This treatment of racism is still felt, as Plaintiff resides in a shelter. Living in poverty for 10 years as she pursued multiple job openings and positions of comparable career goals, Plaintiff claims tort negligence, and seeks punitive damages for pain and suffering leading to the detriment of her career, wrongfully.

Plaintiff would like the world to know that the greatest professional football sports industry has the strongest examples of race discrimination, sex discrimination and Domestic Violence, the facts are prima facie. The Defendants provide a class distinction between African American women and women that are victims of Domestic Violence.

Plaintiff seeks all damages allowed by law. The refusal to hire Plaintiff, an African American, female, Domestic Violence victim in Defendants' lily-white, male-oriented environment is beyond reprehensible and completely outrageous in today's America.

A 2002 verdict set the standards governing an award of punitive damages under D.C. law. The District of Columbia Court of Appeals Issued a Decision On Punitive Damages Standards Under D.C. Law on November 14, 2002, bearing on the case was <u>District of Columbia v. Jackson</u>. "An award of punitive damages is only permitted if the plaintiff has shown by clear and convincing evidence two things: (1) that the defendant acted with evil motive, actual malice,

deliberate violence or oppression, or with intent to injure, or in willful disregard for the rights of the plaintiff; And (2) that the defendant's conduct itself was outrageous, grossly fraudulent, or reckless toward the [employment] of the plaintiff."

Moreover, Plaintiff received numerous rejections, via email, and some of the resumes she submitted were never responded to for many years. Plaintiff suffered severely emotionally by not being able to take care of herself. Here in this instance, we shall not diminish the emotional agony of experiencing discrimination due to her skin color. Letters of various kinds were even sent to Daniel Snyder's attention, not only via fax, but to his personal assistant, as well as to several other members of a class of elite white men that chose to hire their reflection.

Generally speaking, Plaintiff's Domestic Violence victim label has been etched on her forehead, thereby causing Plaintiff the ugly experience of subtle discrimination. Abused and even suffering from further discriminatory actions, this woman was harmed on every count, e.g. (1) for being of the Afro-American race, (2) being of the female gender, and (3) being a victim of Domestic Violence. Plaintiff is disgusted with the hostile characterizations that have labeled her for almost 10 long years, as she wants to bring it to light by not remaining anonymous as it relates to her suffering from racial slurs and overtones of the injustices of joblessness, her harmful situations leading to a life of bitter poverty.

Defendants' preference to hire within their own parameters of ethnicity, likeness and same gender, and the relevance in Plaintiff's suit shows sexism and racism have occurred. Plaintiff's feelings that Defendants were wrongful in their conduct, is definitely tortious behavior.

4

Plaintiff submitted applications, faxed resumes, and handed them online submission information, as well as pursued telephone calls for a career in professional football. Plaintiff consistently telephoned the Redskins Fed Ex Field and the Ashburn offices. It must be made know why women of African American descent cannot and must not separate race and gender as it relates to victims of Domestic Violence. Washington Redskins showed no willingness to hire the former League affiliate employee with experience. In historical capacities, Plaintiff's job duties were similar in scope, nature and position, and would have fit-in well with the Redskins job opportunities.

The relevance here is that this action is relevant to anyone within the Defendants' organizations that refused to hire Plaintiff, as they were all filled with snake's venom due to the causes of action set forth above, and herewith below for the fact that Plaintiff wore a label of (this robbed her of any suitable position) Domestic Violence victim, non-white, non-Caucasian male, African American and female. Therefore, it is the Plaintiff's motive to ask the Court for relief from the emotional pain of denying her to regain a career of self-worth resulting in an extended period of suffering by loss of career, lack of job in the chosen profession.

Plaintiff's claims are supported by Defendants' behavior as alleged hereto. Plaintiff further seeks to prove that she experienced "color-blind racism, which is simply referred to as Contemporary racial inequality as the outcome of nonracial dynamics," Wikipedia, "Racial Inequality in the United States."

"Racism affects all aspects of a person's life. Racism alters how African American women receive treatment through domestic violence resources and how they perceive

resources. Therefore, because of racism African-American [the Defendants] ha[d] specific concerns when making decisions about domestic violen[ce]… and what resources would be the best for [Plaintiff]. These concerns include the view of the race as a whole, the perceptions of African-American men, how African-American families are treated by American society, economic concerns. Racism is an additional obstacle for the African-American victim of domestic violence in obtaining adequate resources to leave an abuser and continue a life free from abuse, *e.g. [Ms. Hillware, 10 years later, does not have any resources to leave free from a shelter, although her troubles were over several years ago]*. Fenton expounds on the history of African-Americans and the current status of an African-American female as a domestic violence victim:… African-American women are stereotyped as the opposite of the stereotypical, traditional middle and upper class white woman. The historic stereotype of the white woman is that she is small, delicate, soft, passive. Fenton declares that the image of the white woman or the 'good girl' is intertwined with the image of a victim. Specifically, for centuries, African-American women have been compared to white women and considered immoral and sinful. Being viewed as the "strong black woman" is positive, but unfortunately, it leaves African-American women in caregiver roles with no opportunities when they need care. The result of stereotyping and racism in conjunction with the political domestic violence movement's focus on white women has left the African American victim of domestic violence in a difficult position. Our society has made race matter. Therefore, for resources to be effective in our current society, race and/or racism must matter. The…Supreme Court Domestic violence victims cannot simply leave [the abused] without help. [Ms. Hillware] need[s] money, a place to stay, emotional support, and cooperation from the legal system to keep the abuser away, [and employment]. Racism against African-American women affects when and how they are able to utilize resources for domestic violence. The racism against African American women creates specific concerns when African American victims attempt to obtain resources [once they leave] an abusive situation…excerpted from : Lisa M. Martinson, An Analysis of Racism and Resources for African-American Female Victims of Domestic Violence, in Wisconsin, 16 Wisconsin Women's Law Journal 259-285, 260-270 (Fall 2001) (162 Footnotes Omitted)."

The Civil Rights Act of 1964 are extended to those who suffer discrimination on the basis of gender. Ms. Hillware was, in her former position, experienced in business development, as well as sales and marketing. Well-respected for the deep knowledge of sales and marketing efforts accomplished, she was known for initiating trends, creating strategies and enhancing client development directives. Highly regarded in a 5-state region, she hoarded the sales and marketing professional title that shaped and captured new business in football sports markets.

Likeable in the football sports industry, Plaintiff established innovative concepts for overall new business relationships, as well as captured the retention of former clients. However, the Defendants demonstrated animosity towards Domestic Violence victims and women who were African American, resulting in the fatal subversion of Plaintiff's career by their refusing to rid their bitter, harsh and cruel, resentment and animosity. As a result, none of the League affiliates, or the League hired Plaintiff in any similar capacity, or that of an equal position or greater due to the tainted image of being a Domestic Violence victim.

Plaintiff was shocked by the unequal treatment of her sex, race and Domestic Violence victimization that the Defendants handed down to her. Plaintiff was disparaged when she was stereotyped by her prior affiliation with Domestic Violence.

This lawsuit gives rise to similar legal precedent under the Dist. of Columbia Human Rights Act "(DCHRA"), D.C. Code $2-1402.11 et seq., to remedy Defendants' unlawful discrimination against Plaintiff based on her gender. The claim of sex discrimination excluded her from the top ranks of the company because she could not join the ranks that would have placed her at the top, like other males of white or Caucasian nationality were permitted to do. The Defendants refused to hire Plaintiff after her experience with Domestic Violence, and therefore she experienced unequal treatment, and thus seeks an end to sex discrimination in the entire National Football League, including the Washington Redskins.

An employee who experiences adverse employment consequences as a result of Domestic Violence has a claim under certain laws specifically prohibiting discrimination against Domestic Violence victims. In New York City, Defendants are prohibited from all forms of employment discrimination against Domestic Violence victims.

7

Battered women were prevented from working, thereby limiting their access to cash and transportation and sabataging their [housing arrangements]. Susan Lloyd & Nina Taluc, "The effects of Male Violence on Female Employment, Violence Against Women 370, 385 (1999). About a quarter of welfare recipients were currently victims of Domestic Violence, and over half once were: see e.g. Jody Raphael & Richard M. Tolman, Rapped by Poverty & Rapped by Abuse: New Evidence Documenting the Relationship between Domestic Violence & Welfare (1997).

Domestic Violence discrimination laws make it illegal for an employer to discriminate against an actual or perceived victim of Domestic Violence. Moreover, Domestic Violence discrimination laws include Domestic Violence victims as a protected class, thus, the disparate impact theory applies. The New York City law defines discrimination to include threatening a person adversely because of the acts of her abuser, and it requires employers to provide reasonable accommodations to persons dealing with Domestic Violence.

The Fair Housing Act is interpreted in a manner consistent with Title VII, *Alvera, a* relevant precedent for Domestic Violence victims who are women, in the employment context. That case involved a landlord who threatened to evict a tenant under a supposed zero-tolerance-for-violence policy because she was assaulted by her husband. The tenant claimed that the application of the landlord's policy to evict Domestic Violence victims constituted illegal treatment of Domestic Violence victims, and constituted illegal sex discrimination because it had a disparate impact on women. The U.S. Department of Housing and Urban Development agreed and issued a charge of discrimination against the landlord. Other courts and adjudicators also found in favor of Domestic Violence Plaintiffs in the housing context under a similar theory.

A potential employer who penalizes an employee because she is a victim of Domestic Violence or because she takes steps to address Domestic Violence is violating the law under several theories of liability: (1) discrimination based on Domestic Violence in violation of new laws protecting Domestic Violence victims; (2) discrimination based on sex in violation of traditional sex discrimination laws, and (3) wrongful [acts] in violation of public policy.

Sex discrimination laws, including Title VII of the Civil Rights Act of 1964 and similar state and local laws should protect discrimination against Domestic Violence survivors, pursuant to the three theories of liability (1) Disparate treatment, here in this instance, the Defendants behavior was wrongful tort, as the employer engaged in disparate treatment. Therefore, the Defendants' behavior was wrongful tort, as the employer engaged in disparate treatment, sex discrimination since defendants treated Plaintiff like "a battered woman" differently from other employees, establishing that (1) she is a member of a protected class, e.g. a woman, (2) she is qualified for the position, (3) she suffered an adverse employment action, and (4) the circumstances gave rise to an inference of discrimination. Thus, disparate treatment refers to the "intentional" discrimination of certain people or groups during the hiring, promoting or placement process.

The employers' reason would be a mere pretext for discrimination. This woman, the Plaintiff, was penalized at work by her would-be employer, and she would have been perceived to permit a transfer employer, e.g. Washington Redskins and National Football League, because they found out that she was a Domestic Violence victim, she was then treated differently since she is a female. Defendants' motives not to hire hindered the Plaintiff from future executive promotional status, by having denied her of a position of comparable worth in a National

9

Football League team environment. Being passed-over makes the NFL's uninterrupted tenure statement a farce, and it leaves Plaintiff jobless, homeless and hopeless.

The Plaintiff would like the Defendants to make certain that there is an understanding of the magnitude of this suit, given the fact that Plaintiff remains in a state of experiencing undue hardship due to racism and sexism due to labeling as a Domestic Violence victim from the NFL affiliates. Plaintiff suffered physical harm, persistent abuse and threats from her abuser. The abuse that she suffered from her abuser caused her to flee. Plaintiff moved out of their home into a townhouse, and later in an apartment, and finally to the Nation's Capital. Before her move, Plaintiff's abuser threatened to kill her with a knife exactly like O.J. Simpson did. Earlier, her abuser had previously cut Plaintiff's wrist with a knife.

The evidence is weighted, and thus, has a prima facie case of disparate treatment discrimination penalizing Domestic Violence victims for taking steps to protect themselves, and entitles victims to take time off from work to address the violence in their lives. The negative impact on Domestic Violence victims burdens women more than men because most Domestic Violence victims are women.

The below-stated article is abstracted from a newspaper entitled "Express," summarizing the extent of Plaintiff's poverty by mentioning the following data as detail of the plight she has experienced.

*"D.C.'s supply of low-cost rental apartments has continued*
*to plummet in recent years, putting housing out of reach*
*for a greater share of low-wage earners."*

Ms. Hillware is nearly 55 years, an old African-American female, a former domestic violence victim, and she has never been permitted to return to that of similar job duties within the NFL affiliates. Ms. Hillware never stole from any League affiliate organization, nor did she seek any unethical practices regarding season tickets, or suite sales, or any other transactions related to sales, marketing or business development, in general.

Plaintiff wishes to provide the Court with an example, i.e. Massachusetts tort of wrongful discharge is in violation of public policy covered claims "based upon the public policy against Domestic Violence." The public policy interests at issue, the court found, included "the protection of a victim from physical and emotional violence; and the protection of a victim's livelihood." The court continued, "A victim should not have to seek physical safety at the cost of her employment.

Courts in the states of Louisiana and New York explicitly reject wrongful discharge claims based on public policy violations.

Defendants engaged in disparate treatment discrimination prohibited by Title VII: As a Domestic Violence victim, in the context here, is disparate impact sex discrimination that policies and practices fall more harshly on women than men. The National Football League, and a predominately, white, male-oriented environment at the corporate level aided and abetted the discrimination against Plaintiff, and is in Violation of the Civil Rights Act of 1964.

The Federal and New York Laws against Domestic Violence Discrimination are in unison with Plaintiff's issue before the Court, e.g. within Secretary, U.S. Department of Housing & Urban Development, No. HUDALJ 10-99-0538 (HUD Ore. Apr. 16, 2001) no federal judicial determination was reached because we achieved a significant settlement; see also Wendy R.

11

Weiser & Geoff Boehm, <u>Housing Discrimination Against Victims of Domestic Violence</u>, 35

Clearinghouse Review 708 (Mar.- Apr. 2002) (holding that Wisconsin Fair Housing Law,

modeled after Federal Fair Housing Act, prohibits housing Discrimination against Domestic

Violence victims); Formal Op. No. 8F-F15, 1985 Op. Atty. Gen. N.Y. 45 (Nov.22, 1985)

(attorney general's opinion that sex discrimination provisions of New York State Human Rights

Law prohibit denial of rentals to persons based on their status as Domestic Violence victims),

<u>Cox v. Related Companies</u>, No. 11026/86 (N.Y. Sup. Ct. Monroe County, Dec. 1, 1986) (order

and judgment adopting legal analysis of 1985 Op. Atty. Gen. N.Y. 45). Now, the Defendants

who are racists did not attempt to remedy Ms. Hillware's situation, in general, or in any other

regard. Thus, she experienced racist and sexist tones that were directed towards the Domestic

Violence theory of racial inequality towards women.

 For the foregoing reasons, the racist marketplace that failed on numerous occasions to

provide an adequate job for Ms. Hillware verifies that Plaintiff deserves the rights of the <u>Fifth</u>

<u>Amendment</u> that she should not be "deprived of life, liberty or property without due process of

law." Therefore, it is imperative to make certain that the Court comprehends why women of

African American descent cannot and must not separate race and gender as it relates to Domestic

Violence.

 Again, lawsuits of this nature are arisen under the Dist. of Columbia Human Rights Act

"(DCHRA"), D.C. Code $2-1402.11 et seq., to remedy Defendants' unlawful discrimination

against Plaintiff based on her gender. Given the fact that Plaintiff claims it was sex

discrimination which excluded her from the top ranks of the League, and the Redskins. In essence, Plaintiff has therefore, pointed out that the damages sought here are to measure in financial terms the extent of harm done.

Her former employer gossiped to the Redskins and the National Football League causing her to be disqualified from all future jobs in the organization, unfairly. The distinction between the disparate treatment and disparate impact theories is that the former requires proof of discriminatory intent or motive, while disparate impact does not. Therefore, the Plaintiff will exhibit that full disparate impact won by showing that the Washington Redskins did negatively impact Domestic Violence victims because they were engaging in disparate impact race, sex and Domestic Violence discrimination. The Plaintiff was harmed disproportionately, as a woman that was a victim of Domestic Violence. The evidence has a prima facie case of disparate impact discrimination penalizing victims for taking steps to protect themselves, and entitles victims to take time off from work to address the violence in their lives.

All-in-all, Washington Redskin, and National Football League and New Orleans Saints continuously denied Plaintiff of a life of enjoyment of career.

The Plaintiff never received any serious job offers, once her Domestic Violence was over. Therefore, it kept the Plaintiff from the promise of hoping for the League's Rule to kick in that was "a team member would receive an uninterrupted tenure portfolio of benefits and status. Thus, she became utterly hopeless about her future with Washington Redskins and/or a League affiliate, and their ability to stand by the League's principles of the making of a retroactive-job-fit when someone moved around within the NFL. See Land v.Consolidated Freightways, Inc.,

20 MDLR 91, 96 (1998) (hopeless about future). Defendants mocked Plaintiff's diligence and follow through as she followed up with the League, its affiliate-Washington Redskins, and their counterpart, as it relates to her loss of career, degradation of walking in lieu of driving, pain and suffering, the mental anguish and deep depression which was to the extent of preventing her from regaining the familiar success an NFL career warrants, and the getting back onto her feet it would have rightfully done. Durante v. Eastern Properties, Inc., 18 MDLR 1, 5 (1996) (forced to move into a homeless shelter when unable to pay rent); Hurd v. Mass. Port Authority, 20 MDLR 11, 19 (1998) (insecurity about future and career); Lungelow v. Boston Penal Institution, 14 MDLR 1350, 1362 (1992) (destitute): She struggled severely physically and emotionally. Guth v. Fradellos, 18 MDLR 229, 231 (1996) (nightmares): Land v. Consolidated Freightways, Inc., 20 MDLR 91, 96 (1998) (suicidal dreams). The children were robbed of their mother's occupation, as well as her income, and currently remain in a state of loss of enjoyment of life, feelings of helplessness, feelings of hopelessness, and frustration. Samuelson v. Sungard Financial Systems, Inc., 20 MDLR 197, 204 (1998): An employee who experiences adverse employment consequences as a result of Domestic Violence has a claim under certain laws specifically prohibiting discrimination.

Ms. Hillware is currently residing in a homeless program classified as a shelter for Domestic Violence victims in Washington, DC, where she ultimately remained as she prepared to land a position of comparable status with the Washington Redskins. *It is Plaintiff's further intent, to make known to the Court the fact that all the while Plaintiff has been suffering, she was in need of resources to raise descent children. Plaintiff is allowed to keep her children until the age of*

*18, or until college graduated. However, Plaintiff's eldest child was kicked out of the program leaving her alone, unaccustomed to an environment that warrants her mother and siblings and/or family. She has, thus, been forced to sever the ties with her mother and two siblings. A degraded living environment that is quite different from whence we came is where we reside, although we only fled for safety reasons, it has become stationery, and it wasn't supposed to. Therefore, Plaintiff would like for you to be made aware of the fact that despite this living environment, she raised children to the best of her ability and with high caliber morals and values to this day. Plaintiff was forced to enroll her youngest in a boarding school just to keep the mob from getting him into drug dealing, and killing him. The streets in our community warrant running for your life. Thus, Plaintiff's children (although one does come home on breaks from boarding school) are in-fear of their lives, as we live where we aren't accepted as part of the neighborhood. We don't have a car, and we have taken buses and subways in extreme weather and many other extreme conditions. Additionally, the children are suffering from culture shock, nervousness, anxiety, worry, humiliation, mortification, embarrassment, grief, loss of career, loss of enjoyment of life, and feelings of degradation. The children are currently suffering like their mother. Also, Plaintiff's children suffer from the scaring of the loss of their mother's career, loss of their and their mother's enjoyment of life, fear in physical and general, feeling degraded, feelings of helplessness, frustration of never being removed from a homeless program for Domestic Violence, hopelessness for their mother's poverty, inconvenience and humiliation of living in extreme conditions. Plaintiff's children would benefit from the Redskins being generous in their hiring practices toward a woman that is not only of*

15

*African American descent, but carries a load of Domestic Violence victim prior circumstances.*

Therefore, for the foregoing reasons, Plaintiff warrants the $80 million for racism and sexism of a Domestic Violence victim, including the punitive damages mentioned above for all the pain and suffering that Defendants caused Plaintiff who experienced racism, sexism, and the *excommunicato deliberando* that brings on the shunning of a Domestic Violence victim. Thus, should Plaintiff show cause that she has been harmed for nearly 10 years, then for the foregoing reasons she seeks relief in the sum total of $80 million for not only emotional pain and suffering, for racial disparity treatment and sex discrimination, also.

**That a Final Order** be entered granting Plaintiff sufficient relief in the amount of $80 million or Eighty million dollars for the loss, detriment, injury and torture suffered as a result of the misconduct of Defendants, coupled with the incredulous acts of racism, sexism and the *excommunicato deliberando* that brings on the shunning of a Domestic Violence victim.

Respectfully submitted, 4/10/2015

Loretta Hillware
5 Thomas Circle, NW; Box #27
Washington, DC  20005
HillwareLoretta@yahoo.com
(202) 423-4470

16

## CERTIFICATE OF SERVICE

I hereby certify that on April 10th, 2015, I mailed the foregoing pleading to the Clerk of Court via

the United States Post Office, in Washington, DC.   Notice of this filing will be sent to all

Defendants via the United States Post Office.

**LORETTA HILLWARE**

CC:
Eric Schaffer, General Counsel
Washington Redskins
1600 Fed Ex Way
Hyattsville, MD  20785
(301) 276-6050

Daniel Snyder, Owner
Washington Redskins
1600 Fed Ex Way
Hyattsville, MD  20785
(301) 276-6050

Bruce Allen, President
Washington Redskins
1600 Fed Ex Way
Hyattsville, MD  20785
(301) 276-6050

Jay Bauman, Esquire
Vice President
National Football League
345 Park Avenue
New York, NY  10154
(212) 450-2000

Roger Goodell, Commissioner
National Football League
345 Park Avenue
New York, NY  10154
(212) 450-2000

Bruce Allen, President
washington Redskins
1600 Fed Ex Way
Hyattsville, MD 20785



UNITED STATES POSTAGE
$ 01.82°
02 1R
0002001051
APR 20 2015
MAILED FROM ZIP CODE 20001
PITNEY BOWES


UNITED STATES POSTAGE
$ 01.82°
02 1R
0002063055¹  APR 30 2015
MAILED FROM ZIP CODE 20001

SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, D.C. 20001

OFFICIAL BUSINESS
PENALTY FOR MISUSE

Roger Goodell
345 Park Avenue
New York, NY 10154