UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| **Loretta Hillware,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil No. 15-cv-00735 (APM) |
| ) | |
| **Dan Snyder,** *et al.***,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

Plaintiff Loretta Hillware filed a lawsuit *pro se* in the Superior Court of the District of Columbia against the owner of the Washington Redskins, Daniel Snyder; the team's Vice President and General Counsel, Eric Schaffer; the team's President, Bruce Allen; the Commissioner of the National Football League ("NFL"), Roger Goodell; and the NFL's Counsel, Jay Bauman, all in their "official" capacities. Plaintiff alleges that the Washington Redskins (hereafter "the Team") and the NFL "denied [her] work in her profession" because she is African American, female, and a victim of domestic violence. Compl., ECF No. 1-1 at 22.[1] Plaintiff states that her complaint asserts claims under "Title VII of the Civil Rights Act of 1964 and similar state and local laws," including the D.C. Human Rights Act, D.C. Code §§ 2-1402.11 *et seq*. *Id*. at 28, 30, 33. Her claim under Title VII prompted Defendants to remove the case to this court on the basis of federal question jurisdiction. *See* Notice of Removal, ECF No. 1, ¶ 6. Defendants now move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a

---

[1] The original complaint is one of various documents comprising the 40-page record removed from Superior Court and docketed collectively as Document 1-1. When referring to the original complaint, the court will cite the page numbers assigned by the electronic case filing system.

claim upon which relief can be granted. Their grounds for dismissal include failure to exhaust administrative remedies, failure to state a claim, and statute of limitations. *See* Mem. in Supp. of Defs.' Mot. to Dismiss, ECF No. 3-1 [hereinafter "Defs.' Mem."] at 5-9.

After careful consideration of the Complaint, the Amended Complaint, ECF No. 19, and the parties' arguments for and against dismissal, the court grants the motion to dismiss in part because Plaintiff does not refute Defendants' argument that she failed to exhaust her administrative remedies under the federal anti-discrimination statutes, and the time has expired for her to do so. The court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over any non-federal claims and remands those claims to D.C. Superior Court. *See Shekoyan v. Sibley Int'l*, 409 F.3d 414, 424 (D.C. Cir. 2005) (stating that when, as here, the federal claims "are dismissed before trial," it is preferable for the court to decline to exercise supplemental jurisdiction over the non-federal claims) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (internal quotation marks omitted)); *see also Myers v. Cent. Florida Investments, Inc.*, 592 F.3d 1201, 1226 (11th Cir. 2010) ("[F]ederal district courts in removal cases must remand, rather than dismiss, state claims over which they decline to exercise supplemental jurisdiction.").

## II. BACKGROUND

Plaintiff alleges that in her former position with the New Orleans Saints ("Saints"), she "was . . . experienced in business development, as well as sales and marketing," and she was "[w]ell-respected" and "[h]ighly regarded in a 5-state region" for her "deep knowledge of sales and [accomplished] marketing efforts." Compl. at 27. Plaintiff "established innovative concepts for overall new business relationships, as well as captured the retention of former clients." *Id.* at 28. At an unspecified time, Plaintiff became a victim of domestic violence and was fired from her

position with the Saints.[2] Plaintiff's abusive circumstances "caused her to flee," which "landed Plaintiff in this jurisdiction, and ensured the safety of [her] children." *Id*. at 23. Upon discovering "Plaintiff's personal emotional cries for help," hiring officials with the NFL and the Team allegedly "shun[ned]" Plaintiff for more than 9, nearly 10 years," and they have been "non-responsive[] to [Plaintiff's] numerous job application submissions" for marketing, sales, and business development positions. *Id*.

According to Plaintiff "the Defendants demonstrated animosity towards Domestic Violence victims and women who were African American, resulting in the fatal subversion of Plaintiff's career by their refusing to rid their bitter, harsh and cruel, resentment and animosity." *Id*. at 28. Consequently, "none of the League affiliates, or the League hired Plaintiff in any similar capacity, or that of an equal position or greater due to the tainted image of being a Domestic Violence victim." *Id*.

In a pleading captioned "Amended Complaint," which Plaintiff filed "to clarify the [original] allegations," Am. Compl. at 2, Plaintiff alleges that beginning in 2005, she "telephoned, faxed or mailed hard copies of [her] resumes to the NFL's HR Department, Scott Shepherd and Dan Snyder's office. This extended until 2008, [when] Plaintiff began contacting the Defendants via email." *Id*. at 5-6. Based on counts two through twenty of the Amended Complaint, Plaintiff formally applied for positions between 2009 and 2014. *Id.* at 13-16. Plaintiff admits that the Team did hire her but "as an 'under-class.'" *Id*. at 2. Plaintiff, however, "chose to quit . . . after the second Sunday activity on September 9, 2011, when she finally realized that . . . Shepherd would never hire her from an 'under-class' who had been hired as FedEx Field servants, and therefore

---

[2] Plaintiff has previously sued the NFL and the Saints in the Eastern District of Louisiana. Her claims against the NFL were dismissed, and the claims against the Saints were submitted to binding arbitration. *See Hillware v. New Orleans Saints*, Civ. No. 14-2964, 2015 WL 2250178 (E.D. La. May 13, 2015).

were classified as FedEx Field 'Sunday only' or 'the game days only employees.'" *Id*. Plaintiff explains that "she made a choice to resign" because she was not earning a livable wage and could not afford the costs of commuting by taxi to FedEx Field. *Id*. at 2-3.

In addition to Title VII, plaintiff invokes in the Amended Complaint the Age Discrimination Employment Act of 1967 ("ADEA"), because she "pursued employment that began over the age of 40, and continued until she was nearly 55, in 2014," and the Americans with Disabilities Act ("ADA"), because "she is a victim of Domestic Violence." *Id*. at 6.

## III.   LEGAL STANDARD

The Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal* direct federal trial courts to focus on the factual content of a complaint when deciding whether a claim is sufficiently stated to withstand a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotation marks omitted)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A complaint that pleads factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). Although the factual allegations need not be "detailed," the Federal Rules demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

Before turning to the merits, the court addresses whether it will consider the allegations set forth in Plaintiff's "Amended Complaint," which Defendants have asked the court to strike. *See* Mot. to Strike Pl.'s Am. Compl., ECF No. 20. When a *pro se* plaintiff files "multiple submissions in opposition to [a] motion to dismiss, the district court should endeavor to read the party's filings together and as a whole." *Fennell v. AARP*, 770 F. Supp. 2d 118, 121 (D.D.C. 2011) (citing *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)). In addition, "pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Because Plaintiff submitted the "Amended Complaint" "to clarify" the allegations in the original complaint, Am. Compl. at 2, the court is compelled to consider those pleadings together as the operative complaint. *See Richardson*, 193 F.3d at 548 (holding that district court had erred in refusing to consider *pro se* plaintiff's reply to a motion to dismiss as an amendment to his original complaint). Defendants' Motion to Strike therefore is denied.

## IV.  ANALYSIS

As an initial matter, Defendants argue that Plaintiff has not stated a claim against the individual defendants, *see* Defs.' Mem. at 3-4, but this argument is misplaced as the complaint is brought against each individual only "in his official capacity." Compl. Caption. As the Court of Appeals has explained, "while a supervisory employee may be joined as a party defendant in a Title VII action, that employee must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII." *Gary v. Long*, 59 F.3d 1391, 1399 (D.C.

Cir. 1995) (citation omitted).  Therefore, the court construes Plaintiff's complaint as asserting claims against the NFL and the Team, not the named defendants as individuals.[3]

"Title VII requires that a person complaining of a violation file an administrative charge with the EEOC and allow the agency time to act on the charge.  Only after the EEOC has notified the aggrieved person of its decision to dismiss or its inability to bring a civil action within the requisite time period can that person bring a civil action herself."  *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (citing 42 U.S.C. § 2000e-5(f)(1)).  "The administrative charge requirement serves the important purposes of giving the charged party notice of the claim and narrow[ing] the issues for prompt adjudication and decision."  *Id.* (citation and internal quotation marks omitted). Title VII, the ADEA, and the ADA all require that an EEOC charge "be filed within one hundred and eighty days after the alleged unlawful employment practice occurred[,]" or within 300 days if the charge was first filed "with a State or local agency with authority to grant or seek relief from such practice[.]"  42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1) (ADEA stating same); 42 U.S.C. § 12117(a) (ADA incorporates "the powers, remedies, and procedures set forth in [Title VII]," including 42 U.S.C. § 2000e–5); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002) (charge must be filed "either 180 or 300 days" after the alleged unlawful practice).

A Title VII lawsuit may be filed within ninety days of the aggrieved party's receipt of the EEOC's final action containing a right-to-sue notice.  The lawsuit is "limited in scope to claims that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'"  *Park*, 71 F.3d at 907 (quoting *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d

---

[3] Any personal-capacity claim necessarily would fail because Title VII does not authorize a private right of action against individuals.  *See Jones v. Washington Times*, 668 F. Supp. 2d 53, 58-59 (D.D.C. 2009) (quoting *Gary*, 59 F.3d at 1399 (other citations omitted)).

497, 500 (7th Cir. 1994)). In addition, Title VII "precludes recovery for discrete acts of discrimination . . . that occur outside the statutory time period." *Morgan*, 536 U.S. at 105. Consequently, "Title VII [c]omplainants must timely exhaust the[ir] administrative remedies before bringing their claims to court." *Payne v. Salazar*, 619 F.3d 56, 65 (D.C. Cir. 2010) (quoting *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) (internal quotation marks omitted)).

Plaintiff fails to address Defendants' exhaustion argument and, thus, concedes that she did not exhaust her administrative remedies. *See generally* Pl.'s Opp'n; *see also* Order, ECF No. 4 (informing Plaintiff that Defendants' unopposed arguments might be treated as conceded). Moreover, Plaintiff's exhibits establish that her last application for a managerial position was rejected on October 31, 2014. *See* Am. Compl., Ex. 10. Thus, the time for Plaintiff to exhaust her administrative remedies and then to file a civil action has long expired. Consequently, the court dismisses Plaintiff's federal claims for failure to exhaust and as time-barred.

Because the court declines to exercise supplemental jurisdiction over Plaintiff's remaining non-federal claims, the court does not reach Defendants' argument that Plaintiff has failed to state a claim under District of Columbia (and, possibly New York) law. The court leaves it to the D.C. Superior Court to address those arguments under controlling District of Columbia or state law.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted as to the federal claims. In all other respects, this case is remanded to D.C. Superior Court. A separate Order accompanies this Memorandum Opinion.

Dated: December 29, 2015

Amit P. Mehta
United States District Judge